GOULD, Respondent, vs. PENNSYLVANIA FIRE INSURANCE COMPANY and others, Appellants.

*May 5—May 31, 1921.*

*Insurance: Concurrent insurance: Mortgage on property insured: Knowledge of agent: Consent implied from knowledge: Evidence: Admissions: Statement of party contrary to undisputed fact: Statute prescribing standard fire insurance policy: Effect on existing rules of law.*

1. A statement by an insured to the state fire marshal investigating a fire that insured and another named person were partners, where the undisputed proof showed that insured was the sole owner of the burned goods, subject to chattel mortgage held by such named person, did not affect the validity of policies insuring the goods.

2. Where an agent issued a fire insurance policy knowing there was to be concurrent insurance on the property, the policy was not void on the ground that it did not permit concurrent insurance, the issuance of the policy with such knowledge on the part of the agent constituting consent to concurrent insurance by the insurer.

3. Where agents knew that goods were mortgaged at the time that they consented, on behalf of the insurer, to the assignment of policies insuring the goods, the mortgaging of such goods was no defense in an action on the policy by the assignee, the knowledge of the agents being the knowledge of the insurers, and consent to the assignment with knowledge of the mortgage constituting a consent to the mortgage.

4. Knowledge of the agents was knowledge of the insurers, notwithstanding ch. 127, Laws 1917, omitting from the standard form of policy the provision as to knowledge of the agent being that of the company, since the inclusion of such provision was merely declaratory of the law as it existed and added nothing to the effect or value of the policy. Its exclusion, therefore, took nothing from the law or the effect of the policy.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

Action to recover $4,700 on three insurance policies issued October 3 and 4, 1918, for the loss of $6,602.67 on a stock of goods destroyed by fire November 14, 1918. Due proof of loss was made. At the time the policies were issued the goods were owned by one Volk. The agent of the *Pennsylvania Fire Insurance Company* and of the *Hartford Fire Insurance Company*, one Johnson, secured the insurance, and pursuant to a plan between him and Pitt, the agent of the *Minneapolis Fire & Marine Insurance Company*, he gave Pitt $2,000 of the insurance. On November 4th the plaintiff bought the stock of goods from Volk, who took a chattel mortgage on the same to secure a part of the purchase price, and the policies were redelivered to Johnson, who helped plaintiff negotiate the deal with Volk. Both Johnson and Pitt knew of the existence of the chattel mortgage on the goods and both consented

in writing to the assignment of the policies to plaintiff. On November 6th, at the request of Johnson, plaintiff paid the premium on each of the policies to Johnson, who turned over to Pitt the amount of the premium on the policy issued by him.

The defendants claimed that the policies were void because of false swearing by plaintiff as to the ownership of the goods and because a chattel mortgage was placed on them after the policies were issued, and the *Minneapolis Fire & Marine Insurance Company* claims its policy was void because it did not permit concurrent insurance.

The court held the policies valid and rendered judgment in favor of plaintiff, from which judgment the defendants appealed.

*Thos. H. Gill* of Milwaukee, for the appellants.

For the respondent there was a brief by *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, and oral argument by *John F. Kluwin.*

VINJE, J.   The claim that the policies were void because of false swearing as to ownership of goods was disposed of adversely to the defendants by the trial court because the evidence did not sustain it.   There was some testimony to the effect that plaintiff had told the state fire marshal who had investigated the case that he and Volk were partners.   The trial court properly found such statement was not made.   Even if it had been it could not have affected the validity of the policies, because the undisputed proof showed that plaintiff was the sole owner subject to the chattel mortgage.

The trial court correctly held that the return of the policies to Johnson and their redelivery to plaintiff, who paid the premium, with the companies' consent in writing to their assignment to him with knowledge by the agents of all the material facts affecting the insurance, was equivalent

Gould v. Pennsylvania F. Ins. Co. 174 Wis. 422.

to a new issuance of the policies to him, and the defendants could not defeat them on the ground that there had been ·a change in the insured property subsequent to the issuance of the policies not consented to or known by the defendants.

The agent Pitt, at the time he issued the policy, knew there was to be concurrent insurance on the insured property. Having such knowledge, the issuance of the policy was equivalent to a consent to concurrent insurance by the company. *Welch v. Fire Asso.* 120 Wis. 456, 98 N. W. 227. It was there held that

"If, when the agent of an insurance company delivers a policy of insurance, he has knowledge of the facts as regards the subject of the insurance inconsistent with the terms of the policy, the assurer, by accepting the premium, is estopped from declaring the policy void because the terms thereof were not so changed in writing as to conform to the facts."

The same principle applies to the chattel mortgage. Both agents knew that the goods were mortgaged when the policies were assigned to plaintiff. Knowledge on their part was knowledge on the part of the defendants. *Stilp v. New York L. Ins. Co.* 168 Wis. 264, 169 N. W. 606. This, however, the defendants deny, claiming that the judicial rule of the state as declared in the *Welch Case* was changed by the adoption of ch. 127, Laws 1917, in force when the policies were written, which leaves out of the standard form of insurance policy the clause that knowledge of the agent is knowledge of the company. A judicial rule of long standing and founded upon just and equitable principles is not abrogated by an omission in a prescribed form of policy. Its inclusion therein was merely declaratory of the law as it existed and added nothing to the effect or value of the policy. Its exclusion, therefore, took nothing from the law or the effect of the policy. The judicial rule remained unchanged by the legislative action.

*By the Court.*—Judgment affirmed.