BROADWAY-WISCONSIN INVESTMENT COMPANY, Respondent, vs. SENTINEL COMPANY, Appellant.

*February 11—March 8, 1927.*

*Easements: Adverse possession: Building encroachments: Underground footings: Overhanging cornices: Appeal: Review by respondent: Failure to give notice: Stipulation by counsel.*

1. A landowner is not required either to make examinations under the surface of his land to ascertain whether an adjoining owner has encroached with footings which support his building, or to ascertain whether the cornices and moldings of such building, which are high in the air, overhang the premises, as in case of such encroachments the possession of the adjoining owner is neither open nor notorious. p. 341.
2. Where respondent sought to have errors committed against him reviewed, but failed to serve notice of review as required by sec. 274.12, Stats., such errors will not be revie, ed, notwithstanding that service of notice is not jurisdictional and although there was a *bona fide* understanding between counsel that the case should be considered as if notice had been served. p. 342.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Plaintiff is the lessee of premises in the center of the business district of Milwaukee extending 80.08 feet on Broadway, a street running north and south, and back a distance of 120.04 feet to an alley. Defendant corporation is the owner of the premises adjacent to and north of plaintiff's premises. Over thirty years ago the defendant erected and now maintains on its premises a large brick building used as a newspaper plant and office building. The south wall of defendant's building is on the property line separating the two tracts. In the erection of defendant's building and at the southwest corner thereof, being the northwest corner of the plaintiff's property, the defendant constructed certain footings designed to carry the foundation. The footings were so constructed as to extend a distance of three feet and

two inches south upon the plaintiff's property and to extend a distance of four feet easterly from the northwest corner of plaintiff's property so that they occupied a space of three by four feet in the northwest corner of plaintiff's property. The top of these footings was about six feet below the surface of the ground.

In the month of April, 1924, plaintiff commenced excavating upon its premises for the purpose of erecting a five-story building with foundations sufficient to carry an additional four stories. The excavations disclosed the footings, the plaintiff then demanded that the defendant remove the footings, negotiations were entered into between the parties, and it was agreed that the plaintiff should adopt a so-called cantilever construction, which would enable it to build over defendant's footings, the defendant to compensate the plaintiff for the additional cost of such construction. The construction was thereupon proceeded with and the erection of the building has been completed. Afterward the parties were unable to agree as to the amount of compensation and the plaintiff began this action to require the defendant to remove its footings and so much of the south wall and cornice on its building as extended over onto plaintiff's premises. It appears that defendant's building as erected had an ornamental terra cotta cornice extending thirteen inches over the property line at a point approximately twenty feet from the top of the building near the eighth story, and that at the third floor level there was a terra cotta molding which extended three feet from the southwest corner of the defendant's building and projected approximately six inches.

The court found that the defendant had at no time used or occupied any portion of plaintiff's premises in an open or hostile manner, or under such circumstances as to challenge the rights of the true owners of plaintiff's premises to their knowledge or to the knowledge of any of them, or so as to charge any of them with knowledge thereof, and that plaint-

iff did not know of the encroaching foundation until after the commencement of plaintiff's new building; that the encroachment and projections of defendant's building deprived the plaintiff of the full use and occupancy of its property; that plaintiff's lease contained a provision for the construction of the building in accordance with plans which would cover the whole of the leased premises except the air and light shafts and that the plaintiff commenced its building under such plans; that plaintiff was put to an additional cost of $473.95 by reason of its adoption of the cantilever plan of construction; that the removal and cutting off of the footings extending upon plaintiff's premises would have entailed great damage, expense, and might have caused portions of defendant's walls and building to fall upon plaintiff's property, thereby threatening human life upon both plaintiff's and defendant's property, and also greatly adding to plaintiff's damages; that plaintiff negligently damaged defendant's wall in the course of its building operations to the extent of $74.61. The court concluded that plaintiff was entitled to the full use and possession of the leased premises; that neither the plaintiff nor any of its predecessors in title or interest to said premises has ever abandoned, released, or in any way lost or relinquished its right to the full title and possession of the premises; that the plaintiff is the owner of said premises under its lease and entitled to have said premises remain open and unobstructed to its full dimensions from the surface to the sky, and entitled to have the earth underneath the surface unobstructed and unencroached upon by any acts of the defendant; that the maintenance by defendant of its foundation piers and any other part of its building and the encroachment, occupancy, and use by the defendant beneath the surface of the soil south and north line of said premises is a continuing trespass and nuisance to the plaintiff, and plaintiff is entitled to judgment that the defendant abate said trespass and nuisance by removal of

each and all of the parts of the substructure of said building beneath the surface of the soil which so encroach upon, occupy, or intrude into plaintiff's premises at any time when the plaintiff shall have occasion to use that portion of the premises or when said premises shall no longer be necessary for the support of the present building of defendant; that the maintenance by defendant of any part of its building above the surface level of the soil of plaintiff's property as the same existed on the 21st day of January, 1924, is a continuing trespass and nuisance as to the plaintiff, and plaintiff is entitled to judgment that the defendant abate said trespass and nuisance by the removal of each and all of the parts of said superstructure of said building at any time when the plaintiff shall have occasion to use that portion of its premises occupied by them; that at no time did any of the projections or encroachments of parts of defendant's building disseize or dispossess the plaintiff of any part of plaintiff's premises, and that such of said projections as are below the surface thereof as the same existed on January 21, 1924, were not such use or occupation as to constitute adverse possession; that the plaintiff is entitled to judgment against the defendant in the sum of $399.34. Judgment was entered accordingly, from which the defendant appeals.

For the appellant there was a brief by *Lines, Spooner & Quarles,* and oral argument by *Howard A. Hartman,* all of Milwaukee.

For the respondent there was a brief by *Edgar L. Wood,* and oral argument by *Richard H. Tyrrell,* both of Milwaukee.

ROSENBERRY, J. It is contended here that the court erred in holding that the defendant had not acquired by adverse possession and estoppel the right to maintain its encroaching footings and its cornices and moldings. The trial court was clearly right in holding as it did for the reason that such

possession as the defendant had of the plaintiff's premises was neither open nor notorious. *Ogden v. Straus Bldg. Corp.* 187 Wis. 232, 202 N. W. 34; *Illinois Steel Co. v. Tamms,* 154 Wis. 340, 141 N. W. 1011.

An owner of land is not required, in order to prevent a trespasser from acquiring title thereto, to explore beneath the surface or to ascertain at his peril whether 'or not an encroachment eighty or one hundred feet above the surface does or does not overhang his property. There may be cases, of course, as eaves of buildings and the like, where possession is open and notorious and the rule applies, but cases of that kind have no application to the facts here.

The plaintiff seeks a review of the finding of the trial court which denied it damages for loss of use and occupancy. The plaintiff contends upon its counterclaim that it had been deprived of the use of the premises for a considerable length of time by reason of substitution of the cantilever construction for that originally designed for the building and sustained damages on that account in the sum of $1,106. It also claims that it should have been allowed for the amount of its bill $859.82 for extra cost of construction paid by it to its contractors. Under sec. 274.12, Stats. (sec. 3049*a*), a respondent seeking to have reviewed errors committed against him is required to serve a notice of review. This notice must be served "any time before the case is set down for hearing in the supreme court," and it must designate in what respect the respondent seeks a review, reversal, or modification of any part of the judgment or order appealed from. In this case no notice was served. There was, however, an understanding between the attorneys as to the printing of the case and an agreement that the case should be considered as if a notice had been served. This understanding was embodied in a memorandum and was firmly adhered to by counsel in this court upon the oral argument. There was the utmost good faith on the part of counsel. There are

other considerations, however, which govern rather than convenience of counsel. The whole matter was discussed in *American W. Co. v. McManus*, 174 Wis. 300, at p. 317 (181 N. W. 235, 183 N. W. 250). While the service of the notice is not jurisdictional in a technical sense, nevertheless the court has an interest in knowing what questions are raised in the record upon an appeal. In practical effect the service of a notice to review amounts to a cross-appeal, and while a party may be relieved from default under that section, orderly practice requires that the statute be substantially complied with. Here there was no effort whatever to comply with the statute. It was in fact ignored. Nor is there any excuse given, nor does the record suggest any, for failure to give the proper notice. The statute plainly points out the manner in which the right to a review may be secured, and it would result in nothing but confusion and disorderly practice to permit oral or written stipulations, agreements, and understandings between the parties to be substituted for the prescribed method. In this case we may say that we have looked into the record far enough to satisfy us that a different result would not have been reached if the finding complained of had been reviewed.

*By the Court.*—Judgment appealed from is affirmed.