MILLARD and another, Respondents, vs. NORTH RIVER IN-
SURANCE COMPANY and another, Appellants.

*December 2, 1929—January 7, 1930.*

For the appellants there was a brief by *Olin & Butler,* and oral argument by *C. G. Mathys,* all of Madison.

*L. C. Gunderson* of Madison, for the respondents.

FRITZ, J.   The policy issued by the defendants described the insured property as a two-story, shingle-roof frame dwelling "occupied and to be occupied for dwelling purposes only."   A clause in the policy provided, "unless otherwise provided by agreement in writing added hereto, this company shall not be liable for any loss or damage while the hazard is increased by any means within the control or knowledge of the insured."   A writing was attached granting permission "to make alterations, improvements, and repairs to any building herein described and to complete the same if under construction."

Defendants' principal contention is that they were relieved from liability because the loss occurred while the hazard was

increased, as they claim, by the use of the property as a club house. They further contend that such use constituted a breach of a continuing warranty that the premises would be used solely as a dwelling house. The issue of fact involved in those contentions was submitted to the jury for special verdict by a question which was as follows:

"Did the building of the addition to the house of plaintiff, Fred Friede, and the use to which it was thereafter put, materially increase the fire hazard as to the insured premises subsequently and at the time of the fire, December 31, 1927?"

The jury answered that question "No."

It is well established that whether the hazard has been increased by alleged changes in the use of the premises is generally an issue of fact to be determined by the jury. *Kircher v. Milwaukee Mechanics' Mut. Ins. Co.* 74 Wis. 470, 43 N. W. 487; *Pool v. Milwaukee Mechanics' Ins. Co.* 91 Wis. 530, 65 N. W. 54; *Siemers v. Meeme Mut. Home P. Ins. Co.* 143 Wis. 114, 126 N. W. 669; *Olson v. Herman Farmers Mut. Ins. Co.* 187 Wis. 15, 203 N. W. 743.

In the case at bar, if there was any credible evidence which under any reasonable view fairly admitted of any inference that supported or admitted of the jury's finding that the hazard was not increased, then it was necessary to submit that issue to the jury, and neither the trial court, nor this court, could properly substitute an affirmative answer for the jury's answer to that question. *Trautmann v. Charles Schefft & Sons Co., post,* p. 113, 228 N. W. 741 (decision filed January 7, 1930).

After reviewing the record we have concluded that the trial court did not err in holding that the evidence admitted of the jury's finding. The addition, which had been erected pursuant to permission granted under the policy, had not progressed far enough, before completion thereof was sus-

pended some time before the fire, to indicate unequivocally whether it was intended for club house rather than for dwelling purposes. The original dwelling continued to be occupied, and the night of the fire was occupied, in the same manner by Fred Friede and his family of five persons, as before the erection of the addition, excepting that, when his son commenced, some six weeks before the fire, to try to obtain prospective members for a workingmen's club, with a proposed membership of 600, he put a sign, "Madison City Club," on the dwelling. On November 14, 1927, there was a dancing party in the basement, but Fred Friede claims that he and his family were celebrating his wedding anniversary. There were gatherings on a few other occasions, but Friede and his son testified that they only occurred three or four times during the six weeks preceding the fire, and that then, only from ten to sixteen prospective members of the contemplated workingmen's club attended. No furnishings, equipment, or accommodations customarily used in club houses were provided, and it does not appear that the prospective members had attempted to exercise any club privilege upon the premises, or that they were free to resort to the premises at will or at any particular time. The facts and circumstances were such that the jury could reasonably infer that the proposed club had not as yet developed beyond that mere embryonic state at which it was helpful for Friede's son, as its sponsor, socially to extend to its prospective members the occasional hospitality of his father's dwelling. If so, the jury could properly infer that such occasional use was not foreign to "dwelling purposes;" and the evidence did not necessitate the finding by the jury or the court that the premises were used as a club house and that the hazard was thereby increased.

On that issue of whether the hazard was increased, the testimony of the defendants' expert witnesses, who were skilled in the insurance business, was not conclusive. *Kircher*

*v. Milwaukee Mechanics' Mut. Ins. Co., supra; Jaeger v. Farmers' Mut. T. F. Ins. Co.* 183 Wis. 313, 197 N. W. 719. They were properly permitted to testify that when a building is used as a club house rather than as a dwelling, there is an increase in the hazard, and that the difference is reflected in the rates of the premiums which are fixed on the respective kinds of property. The court, on plaintiffs' objections, did 'not permit the experts to testify as to the extent of the difference between the rates on a dwelling house and on a club house. That proposed testimony was admissible. 26 Corp. Jur. p. 527; *Leonard v. N. W. Nat. Ins. Co.* 290 Fed. 318. However, it was merely argumentative in character. It merely would have disclosed additional basis or reason for the conclusion, to which the experts had testified, that when a building is used as a club house rather than as a dwelling there is an increase in hazard. That conclusion is so manifest that it does not seem probable that the defendants were prejudiced by the exclusion of testimony which would merely have supported so manifest a conclusion. On the other hand, the excluded testimony would in no respect have aided the jury in ascertaining the truth as to the underlying, ultimate question of whether that dwelling was in fact being used as a club house. Consequently, the error was not of such prejudicial nature as to necessitate a reversal of the judgment.

The defendants further contend that they were relieved from liability under the policy because of the following provision:

"This entire policy shall be void unless otherwise provided by agreement in writing, added hereto, if with the knowledge of the insured foreclosure proceedings be commenced or notice given of sale of any property insured hereunder by reason of any mortgage or trust deed."

At the time of issuance there was attached to the policy a rider stating that it was understood and agreed that the

property had been sold under a land contract to Fred Friede, and that the loss, if any, was payable to F. A. and Minnie B. Millard and Fred Friede as their respective interests appear. On December 10, 1927, the Millards commenced foreclosure proceedings against Friede by reason of that land contract and his default thereunder. Defendants contend that by reason of those foreclosure proceedings the policy became void under the provision last quoted, or, at all events, that the commencement of such proceedings by the Millards also constituted such an increase of hazard as to relieve the defendants from liability under the clause of the policy which was first quoted in this opinion. Inasmuch as the matter of foreclosure proceedings is the subject of an express provision of the policy, the effect to be given to such proceedings is only such as is stated in that express provision. Hence, the general provision in relation to an increase of hazard does not admit of relieving the insurer from liability in the event of such an increase because of foreclosure proceedings. Furthermore, inasmuch as the express terminology of that provision, in relation to the policy becoming void in the event of foreclosure proceedings, includes only foreclosure proceedings commenced or notices given of sales "by reason of any mortgage or trust deed," the application thereof does not extend to other foreclosures such as the foreclosure of land contracts or liens.

"A clause for a forfeiture of the policy on foreclosure proceedings under a mortgage or deed of trust will not effect a forfeiture on foreclosure of a mechanic's lien, or a judgment lien, or a vendor's lien." 14 Ruling Case Law, p. 1128, § 306.

In *Colt v. Phœnix Fire Ins. Co.* 54 N. Y. 595; *Speogle v. Dwelling House Ins. Co.* 97 Ky. 646, 31 S. W. 282; *Fire Asso. v. Patton,* 15 N. M. 304, 107 Pac. 679, 27 L. R. A. N. S. 420, foreclosure of a mechanic's lien was held not to come within the proceedings contemplated by that provi-

sion in a policy. Likewise, in *Southern Ins. Co. v. Estes,* 106 Tenn. 472, 62 S. W. 149, 52 L. R. A. 915, 82 Am. St. Rep. 892, and *Stebbins v. Westchester Fire Ins. Co.* 115 Wash. 623, 197 Pac. 913, foreclosure of a vendor's lien was held not to come within such a provision. At best, in furtherance of defendants' position, that provision would merely admit of the contention that it is ambiguous as to whether the limiting effect of the last clause, "by reason of any mortgage or trust deed," is to be confined to the "notices given of sales," or whether that clause also relates back to and limits "foreclosure proceedings" to such as are commenced "by reason of any mortgage or trust deed." Even in such an ambiguous situation the policy should still be construed so as to render it valid and efficient to afford the insured the indemnity contemplated thereunder, rather than to construe it so as to render it nugatory and useless. *Rosenthal v. Ins Co. of N. A.* 158 Wis. 550, 553, 149 N. W. 155.

Exceptions were also taken by defendants to certain instructions given by the court to the jury and to the refusal of the court to give certain requested instructions. However, in so far as the verdict affects the defendants in this action, no prejudicial error was committed by the court in those respects.

For the reasons stated, the judgment must be affirmed.

In their brief the plaintiffs request that, if this court reverses the judgment in the companion case of *Friede v. Mercury Ins. Co., ante,* p. 65, 228 N. W. 749, the judgment herein be modified so as to enable plaintiffs to recover from the defendants herein the entire amount of the loss sustained by plaintiffs,—less that portion thereof adjudged payable by the American Founders Company, another co-insurer,—instead of plaintiffs merely recovering from the defendants a *pro rata* portion thereof by reason of the manner in which the circuit court prorated the loss among all of the insurers, including the Mercury Insurance Company. However, in

the absence of the service by plaintiffs of a notice under sec. 274.12, Stats., stating in what respect they ask for a review or modification of the circuit court's judgment, they are not entitled to any such review or modification in this court at this time.

*By the Court.*—Judgment affirmed.