WISCONSIN-MICHIGAN POWER COMPANY, Appellant, vs. TAX COMMISSION and others, Respondents.

*March 8—April 5, 1932.*

For the appellant there was a brief by *Shaw, Muskat & Sullivan* of Milwaukee, and oral argument by *James D. Shaw.*

For the respondents there was a brief by the *Attorney General* and *F. C. Seibold* and *Samuel Bryan,* assistant attorneys general, and oral argument by *Mr. Seibold* and *Mr. Bryan.*

FRITZ, J. So far as now material, the facts and issues in this case are substantially similar to those involved in the companion case of *Milwaukee E. R. & L. Co. v. Tax Commission,* decided herewith (*ante,* p. 523, 242 N. W. 3.12), excepting that appellant herein formerly operated a street railway system in Appleton, Neenah, and interurban lines between Appleton and Neenah, and Appleton and Kaukauna, but had discontinued its street and interurban railway operations, and in lieu thereof had substituted bus operations.

The busses so operated, as well as all of its other motor vehicles, had been included in the property of the company subject to taxation under ch. 76, Stats., and the appellant had made no protest with respect to such inclusion.

The trial court reached the same conclusion as in the companion case of *Milwaukee E. R. & L. Co. v. Tax Commission, supra,* in relation to all motor vehicles operated by appellant, excepting the busses which it operated in lieu of the railway operations which it had discontinued. · The trial court concluded that motor vehicles so utilized in such bus operations should be treated, for assessment and taxation purposes, the same as like property of other independent bus transportation companies; and that therefore the inclusion of such motor vehicles for assessment and taxation purposes under ch. 76, Stats., by the Tax Commission was erroneous, and that the same should be rectified.

Pursuant to that conclusion, judgment was ordered vacating the assessment of appellant's property for the year 1931 pursuant to ch. 76, Stats., and the Tax Commission was ordered to correct its assessment of that property pursuant to sec. 76.15 by making a proportionate reduction in said assessment on account of said motor busses erroneously included therein. In so far as that judgment confined the reduction which it ordered in the assessment to motor busses, appellant takes exception thereto and contends, on its appeal from the judgment, that the reduction should have extended to all of the motor vehicles which it owned and used in its business.

As regards appellant's appeal and that contention, we are of the opinion that, for the reasons stated in the opinion filed herewith in the companion case of *Milwaukee E. R. & L. Co. v. Tax Commission,* no error was committed in not extending the claimed exemption and reduction to all of appellant's other motor vehicles.

In the brief filed on behalf of respondents it is contended that the trial court erred in ordering a reduction in the assessment on account of the appellant's motor busses. However, no notice under sec. 274.12, Stats., was served on behalf of respondents for a review, reversal, or modification of any part of the judgment appealed from. Consequently, respondents are not entitled, on this appeal, to any review or modification of the judgment. *Broadway-Wisconsin Inv. Co. v. Sentinel Co.* 192 Wis. 338, 212 N. W. 646; *Wisconsin F. & M. Co. v. Capital City C. Co.* 198 Wis. 154, 223 N. W. 446; *Millard v. North River Ins. Co.* 201 Wis. 69, 75, 228 N. W. 746.

*By the Court.*—Judgment affirmed.