RUEHLOW, Respondent, vs. INDUSTRIAL COMMISSION and another, Appellants.

*November 6—December 5, 1933.*

For the appellants there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*H. F. McAndrews* of Kaukauna, for the respondent.

NELSON, J. The facts are few and undisputed. The plaintiff, when twelve years of age, lost the vision of his right eye as a result of a non-industrial accident. On July 6, 1931, at the age of forty years, he lost the vision of his left eye as a result of an industrial accident. There is no question as to his right to recover compensation from his employer for the loss of vision of his left eye.

The question here relates only to the number of weeks of additional compensation the plaintiff should be paid out of the special state fund created by virtue of sub. (6) (a) of sec. 102.09, Stats. 1929 (substantially re-enacted and re-numbered sec. 102.59).

Sub. (6) (a) of sec. 102.09, at the time of the accident, provided:

"If an employee has present at the time of injury permanent disability consisting of twenty-five per cent. or more loss or impairment of a hand, arm, foot, leg, ear or eye, and, as a result of such injury, incurs further permanent disability consisting of twenty-five per cent. or more loss or impairment of a hand, arm, foot,, leg, ear or eye (not previously disabled), he shall be paid from the funds provided in this subsection additional compensation as specified in item 16, paragraph (a), subsection (5) of this section."

Said item 16, as enacted at the time of the accident (now sec. 102.52), provides:

"In case an accident causes more than one permanent injury specified in this paragraph, the period for which indemnity shall be payable for the lesser injury shall be increased

by twenty per cent., except in the case of injuries to both eyes, when the indemnity period for the lesser injury shall be trebled."

Said item 16 was obviously intended to measure the increased compensation to which an employee is entitled when an industrial accident causes more than one of the major permanent partial disabilities specified in sec. 102.52, Stats. 1931. No particular difficulty could arise in applying that law to an accident causing more than one of such injuries, after the facts had been found, viz.: an industrial accident causing more than one of the injuries specified and a lesser injury.

In the present action, however, we have a situation which requires us to determine the meaning of item 16 when incorporated into sub. (6) and in connection with an industrial accident which caused only the loss of vision of one eye, the vision of the other eye having been destroyed many years before by a non-industrial accident. Strictly speaking, we have no lesser injury since the vision of both eyes is gone. We must, however, construe this provision of the workmen's compensation act liberally to the end that such compensation as the legislature intended should be paid, shall be paid.

Although item 16 deals with a situation involving a lesser injury, we have no hesitation in reaching the conclusion that the legislature intended that one situated as is the plaintiff should be additionally compensated out of the state fund. With this conclusion the Industrial Commission is in entire accord.

The perplexing question, however, is: To how many weeks of additional compensation is the plaintiff entitled under the law and the facts? The commission was of the opinion that the plaintiff is entitled to additional compensation from the state fund for a period of 320 weeks. The circuit court was of the opinion that the plaintiff is entitled to additional compensation for a period of 570 weeks.

There is no dispute as to the right of the plaintiff to recover compensation from his employer, in addition to that to be paid for the healing period, if any, for a period of 250 weeks (ch. 210, Laws of 1931, now sec. 102.52 (a) 13); nor as to the maximum period for which an employee at age forty may recover compensation for permanent total disability,—namely, 1,000 weeks less 18 weeks for each successive yearly age group beginning with 31 years (sec. 102.09 (2) Third and Fourth, Stats. 1929); nor as to the law that total blindness of both eyes constitutes permanent total disability (sec. 102.09 (2) Eighth, Stats. 1929).

The commission computed the additional compensation period as follows: it started out with the 820 weeks, the maximum compensation period at age forty. From 820 weeks it subtracted the 250 weeks for which the plaintiff will be compensated by his employer. From the remaining 570 weeks it subtracted 250 weeks to offset the loss of the vision of the right eye which did not result from an industrial accident and was not compensable, leaving a net period of 320 weeks, for which period the commission awarded additional compensation to be paid from the state fund.

The circuit court was in accord with the commission up to the point of the final subtraction of 250 weeks but was of the opinion that that subtraction was improper. It apparently concluded that the loss of the left eye entitled the plaintiff to compensation from his employer for 250 weeks; that the loss of the right eye should be considered as the lesser injury; that the loss of the right eye, if such loss had resulted from an industrial accident, would have entitled the plaintiff to compensation for 250 weeks. Trebling 250 weeks for the lesser injury equals 750 weeks. Adding 750 weeks to 250 weeks equals 1,000 weeks, which, under the limitation provided by law, must be reduced to 820 weeks. From that number it concluded that only the 250 weeks for which the plaintiff is to be compensated by his employer should be

deducted and that 570 weeks is the period for which the plaintiff should be paid additional compensation out of the state fund.

We are unable to agree with the construction given the law by the circuit court. While the language of the statute is not at all clear when applied to a situation like this, we do not think that the legislature intended that an injured employee should be compensated for a non-industrial accident beyond that which results from the cumulative effect of the two injuries resulting in total permanent disability. If the plaintiff had lost the sight of both eyes in the same industrial accident at age forty, the maximum period of compensation would have been 820 weeks. If the plaintiff had lost the sight of both eyes as a result of separate industrial accidents, the employer in each instance would have had to pay compensation for 250 weeks, leaving 320 weeks compensation for the state to pay out of the state fund in order that the additional compensation might equal the maximum of 820 weeks. We do not think that the legislature intended that an employee, who has lost the vision of one eye as a result of a non-industrial accident and who subsequently loses the vision of the other eye as a result of an industrial accident, should be compensated as fully as an employee who has lost the vision of both eyes as a result of an industrial accident or accidents. It would hardly seem reasonable to conclude that the legislature intended by enacting said sub. (6) to compel industry to provide a state fund out of which an employee who had theretofore sustained a non-compensable non-industrial accidental loss of an eye followed by the loss of the other eye as the result of an industrial accident, should be as fully compensated as one losing both eyes as a result of an industrial accident or accidents. We think that when an employee is paid compensation for the loss of an eye and subsequently loses the other, the compensation paid him for the loss of the first eye should be

deducted in computing the additional compensation to be paid him from the state fund. We also think that when an employee loses an eye as a result of an industrial accident, having theretofore lost the vision of the other eye as a result of a non-industrial accident, the period for which he might have been compensated had such loss resulted from an industrial accident should also be deducted, as determined by the commission. We think the legislature did not intend that an employee should be compensated for a prior injury which had no connection with employment in industry beyond the cumulative effect resulting from the two injuries.

But one further question remains. In computing the amount to which the plaintiff is entitled, the commission used sixty-five per cent. of his average weekly earnings as a basis for compensation. The plaintiff contends that this was improper; that the commission should have used seventy per cent. as a basis instead. The circuit court upheld the computation of the commission in that regard. No appeal was taken by the plaintiff from the judgment of the circuit court nor did he move for a review as provided by sec. 274.12. That question therefore is not before us. *Broadway-Wisconsin Inv. Co. v. Sentinel Co.* 192 Wis. 338, 212 N. W. 646; *Millard v. North River Ins. Co.* 201 Wis. 69, 228 N. W. 746; *Wisconsin F. & M. Co. v. Capital City C. Co.* 198 Wis. 154, 223 N. W. 446; *Milwaukee Western Fuel Co. v. Industrial Comm.* 179 Wis. 223, 190 N. W. 439.

*By the Court.*—Judgment reversed, with directions to affirm the order of the Industrial Commission.