WISCONSIN FOUNDRY AND MACHINE COMPANY, Plaintiff and Respondent, vs. CAPITAL CITY CANNING COM- PANY, Defendant: HINTZE, Interpleaded Defendant and Appellant, and SECURITY STATE BANK, Garnishee Defendant.

*January 10—February 5, 1929.*

156

For the appellant there were briefs by *Stephens, Sletteland & Sutherland* of Madison, and oral argument by *Robert J. Sutherland*.

For the respondent there was a brief by *Bagley, Spohn & Ross*, and oral argument by *Myron H. Stevens* and *W. H. Spohn*, all of Madison.

ESCHWEILER, J.   The motion by plaintiff to review cannot be entertained because notice thereof was served too late. Sec. 274.12, Stats.; *Isaac v. Gerretson Co.* 179 Wis. 417, 426, 191 N. W. 55.

Appellant's appeal challenges the validity of the judgment awarding the fund in dispute to the plaintiff rather than to him, and brings up the entire record for review, and thereby makes it our duty to consider the entire record and determine whether the right result was reached below, not merely whether the right reasons were assigned for such result. Manifestly, whatever may be the underlying purpose of the opportunity offered by the motion to review under sec. 274.12, *supra*, it cannot be construed as being intended to limit that which had formerly been recognized as the function and duty of this court under the general appeal statutes. If, under the record, therefore, the plaintiff was entitled to this fund, it is our duty to so now hold upon the appeal from the judgment. *Slaughter v. Bernards*, 97 Wis. 184, 196, 72 N. W. 997; *Garage E. M. Co. v. Danielson*, 156 Wis. 90, 92, 144 N. W. 284; *Haswell v. Reuter*, 171 Wis. 228, 231, 177 N. W. 8.

Though the trial court was of the opinion that the document of December 11th quoted above, not having been formally, and in writing, accepted by the bank to which it was

made out and delivered, as well as from its terms, was not sufficient in law to make it binding, yet we are satisfied that it was effective.

Counsel on both sides as well as the court overlooked, at the time of the judgment, that the plaintiff had solemnly elected not to traverse the answer of the garnishee defendant, in which answer it was asserted that the order was accepted by the bank.

We are therefore bound to treat the order of December 11th, *supra,* as accepted by the bank and binding on the Capital City Canning Company and superior to the second garnishment by plaintiff in January, 1928, which was held by the trial court to warrant recovery by plaintiff.

By the garnishment in the court below of November 20, 1926, pursuant to sec. 267.17, Stats., it made the garnishee defendant liable to the amount of the property in the garnishee's possession or under his control in which the principal defendant is interested—"to the extent of his right or interest therein." *Commercial Inv. Trust v. Wm. Frankfurth H. Co.* 179 Wis. 21, 23, 24, 190 N. W. 1004. This quoted phrase is not found in the statute granting garnishment proceedings in justice court and which substantially different statute is passed upon in many of the cases cited by appellant.

The order on the garnishee defendant of December 11th, *supra,* having been accepted, as above held, was an equitable assignment, so far as the Canning Company could then make one, of whatever interest it then had in the property pledged to the bank. In form and effect it clearly came within the field of equitable assignments. *Union State Bank v. Peoples State Bank,* 192 Wis. 28, 36, 211 N. W. 931; *Crook v. First Nat. Bank,* 83 Wis. 31, 39, 52 N. W. 1131.

It is claimed by appellant Hintze, and conceded by respondent, that, except for its possible defeat by the prior garnishment, there was on December 11th such an interest then abiding in the Canning Company to any possible sur-

plus over the obligations to the garnishee bank which might arise from any future sale of the pledged property as to make such interest sufficient subject matter for an equitable assignment. *Black Hawk State Bank v. Accola,* 194 Wis. 29, 32, 215 N. W. 433; and as recognized in *O'Niel v. Wm. B. H. Kerr Co.* 124 Wis. 234, 237, 102 N. W. 573.

It is claimed by appellant, however, that in view of the fact that at the time of the garnishment, November 20th, the then market value of the pledged property was not more than enough to satisfy the obligations for the payment of which it was pledged, that there was then no such *present interest* belonging to the Canning Company that it could be subject to the garnishment process and thereby give priority to plaintiff's claim.

Whatever of an interest the Canning Company had in the pledged property or the possibility of the surplus arising from the future sale thereof on December 11th, it had at the time of the garnishment in November, and we can find no grounds or logic for holding that such an interest, though sufficient to uphold a voluntary equitable assignment thereof by the debtor, would be insufficient to support an involuntary lien or equitable attachment thereof by garnishment. We cannot differentiate, as would be required to uphold appellant's contention, between the Canning Company's interest that could be assigned by the order of December 11th and the interest that the Canning Company had subject to garnishment as specified in the quoted language from the garnishment statute *supra.*

It follows, therefore, that the plaintiff was entitled to the relief granted by the trial court because its garnishment was prior and superior to the debtor's order of December 11th.

*By the Court.*—Judgment affirmed.

STEVENS, J., took no part.