OBENBERGER, Appellant, vs. INTERSTATE OIL COMPANY, Respondent.

*March 8—April 11, 1933.*

246

*Charles F. Millmann* of Milwaukee, for the appellant.

For the respondent there was a brief by *Olwell & Brady* and *Wm. F. Radke,* all of Milwaukee, and oral argument by *Mr. Radke.*

FOWLER, J. The plaintiff sued to recover for injuries sustained in an automobile collision at a highway intersection alleged to have been proximately caused by negligence of the defendant. The plaintiff was driving his own automobile. An employee of the defendant was driving its truck on the intersecting road. The collision occurred prior to the enactment of the comparative negligence statute by the 1931 legislature, so that contributory negligence is an absolute defense. The plaintiff opened his case by testifying in his own behalf. At the close of his testimony the court of its own motion entered a nonsuit on the ground that by his own testimony the plaintiff was guilty of contributory negligence.

By his testimony the plaintiff was unacquainted with the road. He was traveling thirty-five miles per hour. On reaching the top of a rise in the road he saw the intersecting road seventy-five feet away. It was state highway 33, paved with concrete. He was intending to turn east when he reached 33 and at the top of the rise applied his brakes to reduce his speed so as to make the turn. There was no stop or other sign on his road to indicate he was approaching an

arterial. A house, bushes, and trees on the northeast corner of the intersection shut off his view to the east until he was within fifty feet of the intersection. At this point he noticed the truck approaching from the east, his left, 200 feet away. His brakes were already set. He watched the truck, and seeing a collision was likely to occur he attempted to avoid it by turning west. He was nearly stopped when he reached the intersection. When his front wheels extended four feet on the concrete he was side-swiped by the truck.

It is elementary that a nonsuit cannot be ordered if, giving to the evidence its most favorable construction, a reasonable inference in support of the plaintiff's case can be drawn. The plaintiff claims that under this rule the question of plaintiff's contributory negligence was for the jury. This would perhaps be true but for violation by the plaintiff of the statute regulating the speed of automobiles. The collision occurred on September 15, 1930. The statutes of 1929 were then in force. Sec. 85.40 (5) of those statutes provided that in traversing grades when the operator of an automobile did not have a clear view of the approaching traffic on the highway, the speed of the automobile should not be greater than that which would permit him to stop his vehicle within one-half his range of vision. If the plaintiff, as he claims, could not see the intersecting highway until he reached the top of the rise from which he testified it first came in view, it is manifest his view of approaching traffic was obstructed and that he approached the top of the rise at a speed too great to enable him to stop within one-half the range of his vision. As there was no approaching traffic on his road, his violation of sec. 85.40 (5) would not have contributed to the accident but for the fact that such violation caused him to violate another statutory provision. Sub. (4) of the same statute provided that in traversing intersections where the operator did not have a clear view of ap-

proaching traffic on the intersecting highway, the speed of the automobile should not exceed that which would enable him to stop within one-half the distance that he could observe approaching traffic. The house, shrubbery, and trees at the northeast corner of the intersection prevented him from seeing defendant's truck until he was within fifty feet of the intersection. He was then traveling so fast that he could not stop within the fifty feet, to say nothing of stopping within one-half that distance. That the plaintiff's excessive speed contributed to produce the collision and thus to contribute to his injuries is manifest.

It follows from the above that the nonsuit was proper unless, as plaintiff contends, the court erred in refusing to receive further evidence in support of the complaint. It perhaps would have been error to do so had plaintiff wished to offer further proof on the question of negligence. But it is apparent from the colloquy between court and counsel that the only evidence the court refused to hear related to damages and that had plaintiff wished to offer further evidence bearing on the question of plaintiff's negligence he would have been permitted to do so. We consider that the refusal to receive testimony as to damages when the plaintiff had produced all the evidence he had bearing on the point of his conduct in the operation of his car and had thereby established his contributory negligence as matter of law, was proper.

*By the Court.*—The judgment of the circuit court is affirmed.