**LEONARD BROS. v. NEWTON.**

No. 12965.

Court of Civil Appeals of Texas.
Fort Worth.
March 30, 1934.

Rehearing Denied May 11, 1934.

Cantey, Hanger & McMahon and J. A. Gooch, all of Fort Worth, for appellant.

W. M. Short and J. E. Whitmore, both of Fort Worth, for appellee.

LATTIMORE, Justice.

This is on appeal from a judgment for damages for personal injuries.

Appellant conducts a general merchandise store. Appellee, a newspaper vendor, was there to purchase oranges. A high wind was blowing and a window of the store was dislodged and fell upon appellee, injuring him so that he was confined for two weeks in a hospital. The jury awarded him $504.

Appellee pleaded his case "res ipsa loquitur." The exceptions to the petition sought to compel him to specify the details of the negligence charged. We believe the exceptions should have been overruled. The window was charged to be a part of the store in the exclusive possession and control of appellant and negligently placed in the wall of the store so that it fell thereby upon plaintiff, who alleged he did not know the details of the construction and fastening of the window. The accident was not one which normally occurs in the absence of carelessness upon the part of some one, which one presumptively is the one in exclusive control of the window. Southwestern Tel. & Tel. Co.

v. Sheppard (Tex. Civ. App.) 189 S. W. 799, writ refused.

There was no proof of how long this defective condition of the window had existed, but that fact does not make such cases as Graham v. Woolworth (Tex. Civ. App.) 277 S. W. 223, in point, for in the latter, in which a customer slipped on a wet spot in a passageway which was open to the public, the spot could as well have been placed there by some other customer as by any one else, and there was no showing to the contrary or how long the spot had been there. In other words, the exclusive control, possession, and use feature is absent in the Graham Case and present here. The motion for instructed verdict is overruled.

 Evidence that a strong wind was blowing—36 miles per hour—and rain falling and that sensible people would not go out in it, does not fill, of itself, the measure of evidence sufficient to justify the submission to the jury of the issue of "act of God." The evidence for such must be sufficient to support a reasonable conclusion that such phenomenon of nature would not have been reasonably foreseen. Gulf, C. & S. F. Ry. Co. v. Tex. Star Flour Mills (Tex. Civ. App.) 143 S. W. 1179; Northern Irrigation Co. v. Dodd (Tex. Civ. App.) 162 S. W. 946, writ refused.

Appellant requested an issue whether the wind was the sole proximate cause of the accident. The windows had been inspected two weeks before the accident and the inspector testified that this window was then in sound condition. Of the numerous windows in the store this one alone fell. We believe the assignment must be overruled. The fact that the wind blew the window out was not in dispute. The progress of civilization has been by harnessing and utilizing the forces of nature. In such forces as the experience of man has enabled him to estimate and the destructive elements of which he has been able by reasonable diligence to prepare against and overcome, there is no fulfillment of vis major and, if not, then we cannot take refuge from our neglect in the contention that such natural forces caused the damage.

Counsel argued two times to the jury to render such verdict as they would want rendered in case they were plaintiff similarly situated. No objection was made to one of them. On objection to the other, the court sustained the objection and instructed the jury not to consider the argument. Appellant moved a mistrial and was overruled.

Rio Grande Co. v. Dupree, 55 S.W.(2d) 522, 525, is an opinion by the Commission of Appeals, not adopted by the Supreme Court, in which it is held that such "Golden Rule" argument is harmless. We do not agree, although all members of this court are committed to the teachings pronounced in the Sermon on the Mount. The trouble with the argument is that it does not say, "Do unto me as you would have me do unto you." Rather it says, "Do to the defendant for me, what you would like me to do to him for you." The same ox is gored in either instance. The argument has been held erroneous many times.

However, we think it clear from the record that no injury was done. The court instructed the jury promptly that the remarks were not to be considered by them. The verdict is small and is less than one-fourth the amount sued for. It bears no earmarks of passion or dereliction of duty and is amply supported by the evidence, which shows this appellee received a serious injury.

All assignments of error have been carefully considered and are overruled.

The judgment is affirmed.