## SOUTHLAND LIFE INS. CO. v. NOR-WOOD.

### No. 12962.

Court of Civil Appeals of Texas
Fort Worth.

Oct. 5, 1934.

Rehearing Denied Nov. 2, 1934.

Raymond E. Buck, of Fort Worth, and Seay, Malone & Lipscomb, of Dallas, for appellant.

Goree & Rice and Allen & Gambill, all of Fort Worth, W. B. Harrell, of Dallas, and W. R. Walker, of Cleburne, for appellee.

LATTIMORE, Justice.

This is an appeal from a verdict for plaintiff upon a life insurance policy sued on under article 5541, Rev. Civ. Statutes, the presumption of death statute.

The insured, Sidney B. Norwood, a banker, fled upon the failure of his bank in October, 1921, and went to Mexico. He was indicted in several cases, state and federal, and was not arrested or tried, though sought by officers. He remained in hiding, changing his appearance and name, but was seen frequently and his movements readily traced by testimony until the fall of 1924, when, according to appellee's testimony, he disappeared and has not been seen or heard of since. In 1923 he returned secretly to Cleburne, his home, and made an effort, through attorneys, to effect some compromise of the criminal cases against him, but was unsuccessful and left, going in 1924 to the home of a cousin in Tucumcari, N. M., which was the hub of his wanderings until the fall of 1924, when he left, saying to her that he was going back to Mexico and writing to his mother that he was dropping out of her life forever.

The insurance policy lapsed on October 23, 1928, for failure of premium payment, unless Norwood was then dead. The defendant produced two witnesses who testified to having seen and talked with Norwood in 1929.

The verdict of the jury was as follows:

"You are instructed in connection with question No. One, which follows, that under the terms of Article 5541 of the Revised Civil Statutes of the State of Texas, any person absenting himself for seven years successively shall be presumed to be dead, unless proof be made that he was alive within that time.

"Question One: Do you find from a preponderance of the evidence in this case that Sidney B. Norwood is dead? Answer: Yes.

"Question Two: If you have answered question one, no, you need not answer this question, but if you have answered same yes, then answer: Do you find from a preponderance of the evidence in this case that Sidney B. Norwood died prior to October 23, 1928? Answer: Yes.

"You are the exclusive judges of the credibility of the witnesses, of the weight to be given to their evidence and of the facts proved herein, but you will receive the law of the case from the court, as given in this charge, and be governed thereby.

"[Signed] Bruce Young, Judge.

"We, the jury, find and answer the questions submitted to us herein as shown by our answers thereto, and we return such answers as our verdict in this case."

The appellant excepted to the court's charging the jury in the language of article 5541.

█ The statutory presumption from absence is rebuttable, and such rebuttal may be by circumstantial evidence. In this case, the very circumstances of Norwood's flight from Cleburne, the numerous indictments against him, his determination not to be arrested, his endurance of sickness, accident, gun wounds, all in hiding from the United States officers, are sufficient to raise for the jury the issue of whether his apparent disappearance warranted a conclusion that he was dead in October, 1928. As said in Thetford v. Modern Woodmen (Tex. Civ. App.) 273 S. W. 666, 672: "The circumstances surrounding Bert Thetford's disappearance from home being such as to raise the issue of his being alive, regardless of the presumption arising from his absence," etc. In truth, no one believed that Norwood's remaining away from Cleburne was evidence of anything except one thing, his determination not to fall into the hands of his government. We are not inclined to believe that any serious contention is made that he ever set up any other residence within the meaning of article 5541, R. S. He was a fugitive, moving from place to place, on the alert against searching officers, and taking as his whatever bed available he deemed not suspected to be his couch. His absence explained itself. This case, therefore, is simply a fact question: Was he dead on October 23, 1928? On this question the plaintiff brought much circumstantial evidence, but we are unable to see how the statement of the statute in the charge shed any light in that difficulty.

██ We do not want to be understood as outlining such a rule for all disappearance cases. The reason for the statute is sound, and in cases where an arbitrary line must be drawn the guidance of the statute is imperative. For example, as a milepost for the law of limitation it is useful (Sovereign Camp, W. O. W., v. Boden, 117 Tex. 229, 1 S.W.(2d) 256, 61 A. L. R. 682), but, when death prior to the expiration of seven years' absence is the issue, then there is no legal presumption concerning his being alive or dead at that date. This suit could have been filed in 1928, in which event no presumption existed. The presumption could have arisen in 1931, but it solved no issue to find him dead then. The issue is whether or not the missing one died before the termination of the seven-year period, and the case, as far as the jury is concerned, is one of fact, and the presumption of article 5541 aids them not at all in solving that question.

Whether the statement in the charge was harmful to appellant seems to us a more difficult question. The charge is, on the one hand, suggestive to a jury that Norwood should not be found to be dead before the end of the seven-year period, which end was later than October 23, 1928, and such suggestion is favorable to appellant. On the other hand, the plaintiff in her testimony, given in chief, developed through her witnesses, fully, the facts surrounding Norwood's flight from Cleburne and his life in Mexico and the United States through 1923, and yet the charge might have been construed by the jury as meaning that, even if that testimony was true, then the court held as a matter of law that Norwood was dead in 1930, seven years after his last visit in Cleburne. Stooksbury v. Swan, 85 Tex. 563, 22 S. W. 963. We think this is a case which should be presented to the jury without any charge to them of the law set out in article 5541.

█ Appellant produced a witness, Wilhite, former city secretary of Cleburne, who testified that he saw and talked to Norwood in Mexico in 1929, detailing the conversation and time and place. He was asked by appellee on cross examination:

"You didn't like Mr. Norwood, did you? A. No. I don't know—I haven't anything against Mr. Norwood.

"Q. Well you had some differences with him while you lived in Cleburne, didn't you? A. Between thirty and thirty-five years ago.

"Q. You haven't forgotten them? A. I haven't forgotten them."

Counsel for appellant, on redirect inquiry, asked Wilhite: "Please explain briefly what those differences were." Objection by appellee to any answer thereto was sustained by

the court and exception taken. The witness would have testified that Norwood made a false statement to him concerning the solvency of a rival bank which caused witness to take the city's funds out of such bank and offer them to Norwood's bank, and to the unpleasantness caused by the incident.

We think the learned trial court was in error. The testimony of this witness, if believed by the jury, would determine this lawsuit. He was only attacked by cross-examination for discrepancies in his story and for prejudice. To allow him to be made to admit a "difference" had with Norwood and then to refuse to allow him to explain briefly is to place a premium on possible deception of the jury. Indeed, the record shows that counsel for appellee in arguing the case belittled the testimony of Wilhite as being actuated by anger. The explanation must be brief, for the court cannot turn aside to try Wilhite, but a terse examination to get a sketch of the incident concerning which appellee had opened the way is only fair. Failure to do so may have induced the jury to discredit the otherwise apparently credible testimony of Wilhite. This assignment of error must be sustained. Joseph v. Puryear (Tex. Civ. App.) 273 S. W. 974.

■ The court approved a bill of exceptions to the above, but wrote thereon his certificate that he had no individual recollection that counsel was to prepare later a statement of what the answer to the question objected to would be, but got his information thereon from "the record." His approval of the bill of exceptions is not impaired by such statement. Indeed, the practice of allowing bills of exception to be so completed later is salutary where court and counsel have confidence in each other. The right to complete the bill of exceptions at the time is undeniable, but it is a cumbersome proceeding. Either the jury must be retired or else they hear the forbidden answer as it is made for the bill, or else the judge, witness, reporter, and attorneys must caucus beyond the earshot of the jury. If counsel for appellee were unwilling for the bill to be completed later, or desired to know at the time of objection what the answer of witness would be, they must not sit silent and see opposing counsel continue under the agreement with the court.

■ Counsel for appellee said to the jury: "Ah, Gentlemen, if your policy of insurance and your property must be taken from you upon the character of testimony that they offered here on this stand as proof, then I am going to tear mine up and yours is not worth the paper it is written on."

These appeals to the personal and individual pocketbook of the juror as being himself some time in a similar lawsuit are to be condemned. They are the most transparent demand to him that he dethrone reason and concentrate his thoughts on himself and his own selfish wishes. To call such the Golden Rule is lamentable. Leonard Bros. v. Newton (Tex. Civ. App) 71 S.W.(2d) 613. This argument falsely told the jury that their own policies of insurance were not enforceable and, we think, that counsel was going to tear his up. If the jury respected counsel, as we feel sure they did, they must have been filled with dismay at the prospect of this disaster about to overtake them, one which they could avert only by rejecting the appellant's defense. It takes a bigger man than most of us are to render a verdict against himself. The assignment of error is sustained.

Those assignments not discussed are overruled.

The judgment of the trial court is reversed, and the cause is remanded.