Anna Berent, Appellant, v. Metropolitan Life Insurance Company, Appellee.

Gen. No. 37,607.

Opinion filed March 29, 1935.

ROYAL W. IRWIN, of Chicago, for appellant; JOHN M. FALASZ, of Chicago, of counsel.

HOYNE, O'CONNOR & RUBINKAM, of Chicago, for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This appeal seeks the reversal of a judgment against plaintiff, Anna Berent, entered upon a directed verdict in an action brought by her against defendant to recover for personal injuries sustained through the alleged negligence of defendant.

Plaintiff's declaration consists of three counts. The first alleges that defendant carelessly and negligently permitted the glass in one of the windows "maintained" by it in a building "possessed" by it to be forcibly and violently thrown and precipitated upon plaintiff. The second alleges that the frames, sashes and glass in the windows were loose, broken, worn out and rotted, and that defendant had due notice of such condition. The third count alleges that defendant was possessed of the building; that it "carelessly

and negligently caused, permitted and allowed a certain piece of glass to fall and precipitate from said building to and upon the body of plaintiff while she, in the exercise of ordinary care for her own safety, was then and there rightfully and lawfully passing in and over said highway near to and adjacent to said building.''

It appeared that June 18, 1930, there was located on the southwest corner of Harding and North avenues a two-story building, on the second floor of which were the offices of defendant; that the entrance to these offices was on North avenue, with the name of the Metropolitan Life Insurance Company on the door; that a number of windows of defendant's offices faced Harding avenue; that on the upper half of those windows the name ''Metropolitan Life Insurance Company'' was printed in gold lettering about three inches high; that when plaintiff, accompanied by her two children and on her way to visit the home of her mother two blocks south of North avenue, reached the southwest corner of Harding and North avenues, she proceeded to walk south on Harding avenue about two or three feet away from the building wall; and that, when she had taken a few steps, something struck her on the head and she became unconscious for a few minutes.

Fred M. Dollnig, an employee of the Stearn Clothing Company, which occupied the first floor of this building and a portion of the second, testified in plaintiff's behalf that he heard a crash and immediately ran out of the store, thinking it was one of the Stearn Clothing Company's windows which had broken; that he ran to the Harding avenue side of the building and saw plaintiff leaning against the wall; that there was glass in her hair, a piece of glass imbedded in her chest and another in her arm; that there was broken glass about $\frac{1}{8}$ of an inch thick on the sidewalk around her; that he looked up to the second floor and saw an

open window, in the lower half of which there still remained about a one-fourth portion of a broken pane; and that upon the upper half of the window, above the lower half containing the broken portion of the pane of glass, the name ''Metropolitan Life Insurance Company'' was printed.

The real question presented for our determination on this appeal is whether the doctrine of *res ipsa loquitur* is applicable to plaintiff's case. The proof showed that the premises wherein the window was located, from which the glass fell, was in the possession and management of defendant. In fact no proof was necessary on this point, because under the settled law of this State where possession and management are charged and no special plea is filed denying possession, control and management, it is admitted. It was also shown that a large portion of the broken pane of glass which fell from the window of defendant's offices injured plaintiff. We think this made out a prima facie case under the *res ipsa loquitur* maxim.

The doctrine of *res ipsa loquitur* may be stated thus: When a thing which has caused an injury is shown to be under the management of the party charged with negligence, and the accident is such as in the ordinary course of things will not happen if those who have such management use proper care, the accident itself affords reasonable evidence, in the absence of an explanation by the party charged, that it arose from the want of proper care. (*Feldman v. Chicago Rys. Co.*, 289 Ill. 25; *Chicago Union Traction Co. v. Giese*, 229 Ill. 260.) Many cases of this and other jurisdictions have been cited wherein injuries received by passersby from objects falling from buildings have been held to be governed by the doctrine of *res ipsa loquitur,* and, in our opinion, the applicability of the doctrine to the facts in the instant case requires neither elaboration nor the citation of authorities.

It is conceded that no specific negligence was shown in this case and that where only specific acts of negligence are charged they must be proved and the doctrine of *res ipsa loquitur* cannot be applied. Defendant insists that plaintiff's declaration charged specific negligence and she is, therefore, precluded from invoking the *res ipsa loquitur* doctrine.

It is true that the first two counts of her declaration charge specific negligence, but we are constrained to hold that the language of the third count, as heretofore set forth, constitutes such a general averment of negligence as affords plaintiff the right to invoke such doctrine. In the case of *Feldman v. Chicago Rys. Co., supra,* where it was admitted that two of the four counts of the declaration contained special charges of negligence, the court said at pp. 34, 35:

"In the case just cited (the *Giese* case) the first and second counts of the declaration charged that the defendant, by its servants, carelessly, improperly and negligently drove and managed a train consisting of two coaches so that the rear car struck the wagon of the plaintiff in which he was riding and thereby he received the injury complained of. In those two counts the charges of negligence were held to be general and it was held that the doctrine of *res ipsa loquitur* applied. The same rule is laid down in *O'Callaghan v. Dellwood Park Co.,* 242 Ill. 336. The charges of negligence in the first two counts in the case at bar are in substantially the same language as those in *Chicago Union Traction Co. v. Giese, supra.*"

In our opinion the trial court erred in directing a verdict for defendant and entering judgment thereon. The judgment of the superior court is reversed and the cause is remanded.

*Reversed and remanded.*

FRIEND, P. J., and SCANLAN, J., concur.