FRANCE, Appellant, vs. SULLIVAN, Respondent.

*December 9, 1936—January 12, 1937.*

For the appellant there was a brief by *Crosby & Schneider* of La Crosse, and oral argument by *Frank R. Schneider*.

For the respondent there was a brief by *Higbee & Higbee* and *Robert D. Johns,* all of La Crosse, and oral argument by *Mr. Johns*.

NELSON, J.   The plaintiff contends that the court erred in granting the defendant's motion for a nonsuit.   Whether a motion for a nonsuit was properly granted always requires a review of the evidence adduced by the plaintiff.   It is well settled in this state that in determining such a question, the plaintiff's evidence must be given the most favorable construction it will bear, and, if there is credible evidence from which a reasonable inference may be drawn that supports the plaintiff's cause of action, a jury question is presented.   *Reiland v. Wisconsin Valley Electric Co.* 202 Wis. 499, 233

N. W. 91; *Boyce v. Independent Cleaners, Inc.*, 206 Wis. 521, 240 N. W. 132; *Obenberger v. Interstate Oil Co.* 211 Wis. 245, 248 N. W. 97.

The defendant admitted that he signed the note and delivered it to the plaintiff. The note was introduced in evidence. It was dated May 23, 1932, was in the amount of $536.45, and bore interest at the rate of six per cent per annum. The plaintiff testified that no part of the note had been paid except the sum of $96, and that the balance due him was $555.98. The plaintiff further testified that he was a public accountant, and for a number of years had rendered accounting and bookkeeping services to Sullivan Brothers of Minneapolis; that the business of the partnership started to go bad in 1931; that, in 1932, he suggested to the copartners that they go into bankruptcy; that he suggested that naturally he would not advise them to take that step before he himself, as a creditor, had taken proceedings to protect his own claim; that the copartners thereupon told him that they would stand behind him one hundred per cent, and that he would not lose anything; that a petition in bankruptcy was thereafter filed; that subsequent to the filing of the petition in bankruptcy the defendant, John J. Sullivan, one of the copartners, made, executed, and delivered the note to him, and that he filed his claim against the bankrupt. No proof was adduced by the plaintiff to show that the bankrupt had ever been discharged.

The trial court was of the opinion that, since the testimony showed that the consideration for the note was the indebtedness which the partnership owed to the plaintiff for services rendered to it prior to the making of the petition in bankruptcy, and since the plaintiff filed a claim in the bankruptcy proceedings and was paid a dividend thereon, the plaintiff could not recover on the note. The conclusion of the trial court was erroneous. One adjudged a bankrupt or one dis-

charged in bankruptcy may, if he so elects, revive a claim which otherwise would be discharged, or which has in fact been discharged, by the making of a new promise. *Hill v. Trainer,* 49 Wis. 537, 5 N. W. 926; *Zavelo v. Reeves,* 227 U. S. 625, 629, 33 Sup. Ct. 365, 367. In the latter case, it was said:

"It is settled, however, that a discharge, while releasing the bankrupt from legal liability to pay a debt that was provable in the bankruptcy, leaves him under a moral obligation that is sufficient to support a new promise to pay the debt. And in reason, as well as by the greater weight of authority, the date of the new promise is immaterial. The theory is that the discharge destroys the remedy but not the indebtedness; that, generally speaking, it relates to the inception of the proceedings, and the transfer of the bankrupt's estate for the benefit of creditors takes effect as of the same time; that the bankrupt becomes a free man from the time to which the discharge relates, and is as competent to bind himself by a promise to pay an antecedent obligation, which otherwise would not be actionable because of the discharge, as he is to enter into any new engagement. And so, under other bankrupt acts, it has been commonly held that a promise to pay a provable debt, notwithstanding the discharge, is as effectual when made after the filing of the petition and before the discharge as if made after the discharge." (Citing many cases.)

At the conclusion of the plaintiff's case it could not be said that there was no credible evidence which would permit the reasonable inference that the note amounted to an express promise to pay a debt provable in bankruptcy.

In our opinion, the trial court erred in granting the defendant's motion for a nonsuit and in denying the plaintiff's motion for a new trial, after being advised as to the law applicable to the revival of claims in bankruptcy by subsequent express promises.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.