HEIMLICH, Respondent, vs. HARVEY, Appellant.

*September 15—October 11, 1949.*

472

For the appellant there were briefs by *Spence & Jennings*, and oral argument by *Arthur T. Spence* and *Ellis R. Herbon*, all of Milwaukee.

For the respondent there was a brief by *Rubin & Ruppa*, attorneys, and *Nathan Ruppa* and *Norman W. Wegner* of counsel, all of Milwaukee, and oral argument by *Nathan Ruppa*.

BROWN, J. Appellant's principal argument is that the ischiorectal abscess definitely found on August 27th could have originated from a variety of causes described in the testimony, only one of which was the injection given by Dr. Baird on August 24th, or the one by Dr. Harvey on August 25th, and consequently the jury's finding that the abscess was the natural and probable result of the treatment was pure speculation. It is conceded that the evidence sustains the finding of malpractice. The question is whether the improper treatment caused the damage.

Dr. Schwade, an expert testifying for plaintiff, said that if infection is present an injection will cause it to spread and give more trouble; an abscess could develop overnight; the injection will cause further infection and could increase the possibility of an abscess forming; it could reasonably be assumed that the injection could have caused a spread of infection causing a breakdown of the tissue and consequent spread of the infection downward and the formation of the abscess.

Dr. Feld, testifying for plaintiff, said when he first saw Heimlich on August 23d Heimlich was in pain and had an acutely inflamed rectum which indicated congestion and infection. When he next saw Heimlich on August 27th there was severe pain and the abscess was ripe; it is an old adage in medicine that you must never inject into an inflamed mucosa or lining for you introduce infection below the surface; when you inject into an area inflamed you introduce bacteria; they localize and form an abscess; it does not happen every time. "I would say it happens nine times out of ten." In his opinion the ischiorectal abscess was caused by the infection.

Dr. Harvey and Dr. Chesky, an expert testifying for him, told the jury that Dr. Harvey's treatment conformed to proper medical standards and that in their opinion it did not cause the subsequent damage. However, the evidence of

Heimlich's own physician and his medical expert appears to us to provide that preponderance of the probabilities in identifying the proximate cause which this court has held to be sufficient in *Hafemann v. Seymer* (1928), 195 Wis. 625, 219 N. W. 375; *Pfister & Vogel L. Co. v. Industrial Comm.* (1927), 194 Wis. 131, 215 N. W. 815; and *Vilter Mfg. Co. v. Industrial Comm.* (1927), 192 Wis. 362, 212 N. W. 641. Paraphrasing the statement of the law in those decisions and applying it to the present case, we think that, while there was a possibility that the inflammation the patient had when he came to Dr. Harvey might have developed into the final ischio-rectal abscess, it is far more probable that the abscess was caused by the injection which introduced bacteria below the surface of the inflamed area and the jury's finding that the injection was the natural and probable cause of the formation of the abscess was based on competent, credible evidence and not on guess or conjecture.

Defendant contends that he is not legally responsible for the treatment given by Dr. Baird on Friday, August 24th, found by the jury to be a proximate cause of the damage. He testified that Dr. Baird worked for him for a salary plus commission; that he, Dr. Harvey, personally saw the plaintiff for the first time on Saturday, August 25th, and he identifies Dr. Baird with himself in describing treatment given the plaintiff when he says "plaintiff was in the office on Friday, Saturday, and Monday. I saw him on Saturday and on Monday. I think I gave him an injection on Friday and on Saturday for his piles. I gave him the same kind of injection on Saturday as I did on Friday. On Monday he came and Dr. Baird and I both examined him and gave him no treatment, only advice. The first injection was made August 24th. I injected above the internal sphincter muscle. I did not inject in the same place the second time." Actually Dr. Harvey gave only one injection and it appears to us as well as to

the jury that he has completely acknowledged the acts of Dr. Baird to be his own, which is a very good recognition of responsibility under the familiar doctrine of *respondeat superior*.

The jury awarded $382 for medical expenses, $855 for loss of earnings, and $4,500 for pain and suffering. Defendant complains that the amount for pain and suffering is excessive and further points out that in the second surgery Dr. Feld repaired not only the damage caused by the abscess but also removed plaintiff's piles. This was called to the attention of the trial court which declined to reduce the award. It has not been shown that the expense was greater, the disability prolonged, or the suffering increased by the extra surgery, nor do we think the award is so high that this court should reduce it.

*By the Court.*—Judgment affirmed.