Martin, C. J.
 

 Plaintiff’s business is that of removing and trimming trees, and services related thereto. Prior to June 21, 1955, defendant issued its manufacturer’s and contractor’s liability insurance policy to plaintiff, providing coverage for injury or damage, for which insured would be liable, arising out of certain enumerated hazards, including the taking down and removal of trees. The policy contained, among others, the following exclusion:
 

 “This policy does not apply:
 

 “(a) under division 1 of the Definition of Hazards, to the ownership, maintenance, operation, use, loading or unloading of (1) automobiles ... if the accident occurs away from the premises, . . .”
 

 The “premises” were the plaintiff’s business premises, 317 West Broadway, Madison, Wisconsin.
 

 
 *204
 
 On June 21, 1955, McDonald, was engaged in taking down two trees on the property of Robert C. Cashin and Suzanne Delzell Cashin on Regent street in the city of Madison. The first tree was removed without incident. The second was an oak about 24 inches in diameter and 40 feet high. It stood close to the edge of the Cashin property, about 12 feet west of the house of a neighbor, LaBella. McDonald testified that, “It was an awful lopsided tree and all of the branches were sticking out over the LaBella home.”
 

 Intending to fell the tree to the south, McDonald tied a rope near the top, notched the tree on the south side, and tied the rope to the bumper of his truck. He then cut in on the back side of the tree and he and two employees pulled on the rope by hand but could not pull the tree over. Thereafter they tried pulling it with the truck, but having no success, they hooked a jeep on the truck by chain, intending to use both vehicles to pull over the tree. McDonald started the jeep and as the chain tightened between it and the truck “the timing gear went on the jeep;” the motor stopped and McDonald stepped out to “figure out what to do next.” The rope between the tree and the truck was “snug” but neither the jeep nor the truck had moved. About two minutes after McDonald got out of the jeep the tree fell sideways, striking the LaBella house and causing the damage out of which this action arises.
 

 The LaBellas commenced an action against McDonald, the defense of which was tendered to the insurance company and rejected. McDonald thereupon settled the case with the LaBellas and commenced this suit against his insurance company for recovery of the settlement. The only testimony taken in this action was that of the plaintiff, Kenneth McDonald. After his testimony was in, plaintiff’s motion for a directed verdict was granted by the trial court.
 

 As stated in
 
 Rusch v. Sentinel-News Co.
 
 (1933), 212 Wis. 530, 533, 250 N. W. 405:
 

 
 *205
 
 “The law is well established that a verdict may properly be directed only when the evidence gives rise to no dispute as to the material issues or only when the evidence is so clear and convincing as reasonably to permit unbiased and impartial minds to come to but one conclusion.”
 

 Defendant contends that there was a conflict in plaintiffs testimony as to the cause of the tree’s falling on the LaBella house. McDonald testified he had been in the tree-trimming and removal business for about a year before June 1, 1955; that he continually engaged in the business since that time and was familiar with the customs and practices followed by others in the same business in Madison. Based on his experience, it was his opinion that the accident happened because he failed to top the tree and because it was not notched correctly.
 

 Defendant points out that in McDonald’s verified answer to the LaBella complaint, it was denied that he took the tree down in a negligent manner and alleged that the accident occurred “as a result of a sudden and unexpected mechanical breakdown which could not be foreseen in the exercise of ordinary care.” McDonald testified the breakdown he referred to was the failure of the timing gear in the jeep. He further testified that he gave his attorney in the LaBella case only a “rough idea” of what happened; that he did not give him all the facts with reference to the accident; that he did not tell him about the tree’s leaning over the LaBella house or that the branches were all on that side.
 

 The trial court found as a matter of law that the plaintiff was negligent in failing to remove the top branches before attempting to lower the tree to the ground; that he was negligent in notching the tree; and that each of said acts was a substantial factor entitling plaintiff to indemnification under defendant’s policy.
 

 Even if a view most favorable to the defendant required the conclusion that the use of the vehicles was a substantial
 
 *206
 
 factor in causing the tree to fall as it did, the failure to properly notch and the failure to remove the branches were also substantial factors, and under the policy were not ruled out by the exclusion clause upon which defendant relies.
 

 Defendant questions the plaintiff’s qualifications as an expert witness. Whether by his background and experience he qualified as an expert was a matter within the discretion of the trial court, and we see no abuse of discretion in admitting his opinion evidence. McDonald testified that he customarily topped trees that were located near a house, but with the tree in question he did not because he was in a hurry; he was not being paid very much for the job and he did not want to spend too much time on it. It was his opinion that the accident happened mainly because of failure to top the tree and, secondly, by notching it improperly. It would not require expert knowledge to come to that conclusion. With a tree of this size, leaning toward a house only 12 feet away and all its branches extending over the house, it could be predicted by common sense that the tree would fall on the house unless the weight was first removed from that side and the notching done in such manner as to cause the tree to fall in the opposite direction. It is significant that defendant produced no witnesses whatever. Presumably, if any expert could have offered opinion evidence contrary to that given by McDonald, defendant would have availed itself of such testimony.
 

 By the Court.
 
 — Judgment affirmed.