Bruno, Plaintiff and Appellant, v. Golden Bell Dairy, Defendant and Respondent: American Surety Company of New York, Impleaded Defendant and Respondent.

*November 1—November 28, 1961.*

For the appellant there was a brief and oral argument by *Maurice Schmerling* of Kenosha, attorney, and *N. Paley Phillips* of Milwaukee of counsel.

For the respondent Golden Bell Dairy there was a brief by *Whaley & Whaley* of Racine, and oral argument by *John W. Whaley* and *Vilas H. Whaley.*

For the respondent American Surety Company of New York there was a brief by *Phillips & Richards* of Kenosha, and oral argument by *David L. Phillips.*

BROADFOOT, J. The complaint alleged that the negligence of the driver consisted of failing to shake the snow

from his boots before he entered the premises, thus allowing slush and snow to drip off his boots on the steps, making them .slippery and unsafe; and that he failed to warn the plaintiff. of the dangerous condition thereof. ·

In ruling upon the motion for a directed verdict it was the duty of the trial court to view the evidence in the light most favorable to the plaintiff. It was then its duty to apply the rule ·laid down by this court in the following language:

"A verdict may properly be directed only when the evidence gives rise to no dispute as to the material issues or only when the evidence is so clear and convincing as reasonably to permit unbiased and impartial minds to come to but one conclusion." ·Rusch v. Sentinel-News Co. (1933), 212· Wis. 530, 533, 250 N. W. 405; Thoni v. Bancroft Dairy Co. (1949), 255 Wis. 577, 579, 39 N. W. (2d) 690; Wadoz v. United Nat. Indemnity Co. (1957), 274 Wis. 383, 390, 80 N. W. (2d) 262.

The trial court referred to the definition of negligence found in Osborne v. Montgomery (1931), 203 Wis. 223, 234 N. W. 372, and to the following quotation from Barnes v. Murray (1943), 243 Wis. 297, 302, 10 N. W. (2d) 123:

·· " 'Negligence in law is not mere carelessness, but is careless conduct under such circumstances that an ordinarily prudent person would anticipate some injury to another as a reasonably probable result thereof.' Johanson v. Webster Mfg. Co. 139 Wis. 181, 184, 120 N. W. 832."

· After reviewing the authorities the trial court stated that there was no contractual or statutory duty on the part of the driver with reference to bringing snow into the dwelling when delivering milk. It was stated that the driver's duty at common law is not to stamp his feet to remove snow but only·to use ordinary care to see that an act or omission will not unreasonably expose another to risk of harm, which involves the element of foreseeability. The trial court felt that a reasonably prudent person would not foresee that tracking snow into the vestibule and onto the steps would

thereby expose the interests of another to an unreasonable risk of harm. The court felt, therefore, that the only question was whether or not there was a duty on the part of the driver to warn the plaintiff of the presence of the snow. Since the plaintiff had seen the snow upon the boots and that they were wet, there was no duty to warn against a condition that was observed and that might readily be observed by use of the senses. The very situation was a warning in itself. Although not referred to by the trial court, the record is clear that the hallway and stairs were well lighted and the condition of the steps could readily have been seen by the plaintiff.

The slippers were not made an exhibit. There is no description of them other than as stated above, nor of how well they fit. After plaintiff fell a slipper was on her left foot, but the right one had come off. There is no testimony that either slipper was wet immediately after the accident. There is no evidence in the record as to how or why plaintiff fell.

The plaintiff cites some cases indicating that a person is not bound absolutely to see every defect in his pathway and that forgetfulness of danger does not always show want of ordinary care. These cases deal with the contributory negligence of the plaintiff. Had the driver warned the plaintiff and had she forgotten the warning, the driver would have complied with every duty on his part and plaintiff's forgetfulness would go only to her contributory negligence. Also, plaintiff's failure to see a plainly observable defect would not go to the negligence of the driver but rather to the question of contributory negligence on the part of the plaintiff.

The trial court viewed the evidence most favorable to the plaintiff, it had the proper rules of law in mind, and concluded that the plaintiff had failed to produce sufficient proof to raise a jury issue as to the negligence of the driver.

We have reviewed the record and can only conclude that the trial court was correct in granting the motion for a directed verdict. To have submitted questions of negligence and causation on the part of the driver to a jury would have been asking the jury to determine the same from mere conjecture. That would have been improper. *Larson v. Splett* (1954), 267 Wis. 473, 66 N. W. (2d) 181.

*By the Court.*—Judgment affirmed.